Cardillo & Corbett
Attorneys for Plaintiff
BAJA FERRIES USA LLC
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
James P. Rau (JR-7209)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BAJA FERRIES USA LLC,                    :

                        Plaintiff,      :    **ECF**

                                        :    **VERIFIED COMPLAINT**

              -against-                 :

CALDER SEACARRIER CORP.                  :
a/k/a CALDER SEA CARRIER CORP.,          :
FENBY CO. a/k/a FENBY CO. LTD.,          :
UNITED SHIPPING AGENCY SRL,              :
BRISTOL MARINE CO. LTD. and BML          :
CHARTERING                               :

                        Defendants.     :
------------------------------------x

   Plaintiff, BAJA FERRIES USA LLC, ("Plaintiff"), by

and through its attorneys, Cardillo & Corbett, as and for its

Verified Complaint against the Defendants, CALDER SEACARRIER

CORP. a/k/a CALDER SEA CARRIER CORP. ("Calder"), FENBY CO.

a/k/a FENBY CO. LTD. ("Fenby"), UNITED SHIPPING AGENCY SRL

("United"),BRISTOL MARINE CO. LTD. ("Bristol") and BML

Chartering ("BML") alleges, upon information and belief as

follows:

<u>JURISDICTION</u>

   1. This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

<u>THE PARTIES</u>

2.   At all material times to this action Plaintiff was, and still is, a business entity duly organized and existing under the laws of the state of Florida with an address at 2601 S. Bayshore Drive, Suite 1110, Coconut Grove, Florida, 33133.

3.   At all times material to this action, Calder was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 18 Vas Paulou STR, Athens, Greece.  Upon information and belief, Calder is known as CALDER SEACARRIER CORP. and CALDER SEA CARRIER CORP.

4.   At all times material to this action, Fenby was, and still is, a foreign business entity organized and existing under the laws of a foreign country with upon information and belief has an address at 18 Vas Paulou STR, Athens, Greece.  Upon information and belief, Fenby, is known as FENBY CO. and FENBY CO. LTD.

5.   At all times material to this action, United was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Constantza Port, Berth No. 31, Constantza 900900, Romania.

2

6.    At all times material to this action, Bristol was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

7.    At all times material to this action, BML was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 11 Argonafton Street and Koral, Illoupis 163 46, Athens, Greece.

## CALDER'S BREACH OF CONTRACT

8.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-7 of this Complaint as if set forth at length herein.

9.    Pursuant to a voyage charter party dated June 6, 2008, Plaintiff, as disponent owner, chartered the M/V RENATA (the "Vessel") to Calder, as Charterer, to carry a cargo of about 10,500 metric tons of cargo from Constantza, Romania to Mombasa, Kenya (the "Charter Party").

10.    Under the terms of the Charter Party freight was a lumpsum in the amount of $1,500,000.00, ninety-seven percent of which, less commissions, or $1,398,750, was to be prepaid within three days of completion loading.

11.    The Vessel properly loaded its cargo in Romania.

13.    Three banking days later, Calder failed to pay the full freight due to Plaintiff under the Charter Party.

14.    Rather, on or about June 20, 2008, a payment was remitted by defendant Fenby on behalf of Calder to Plaintiff in the amount of $1,398,750. However, a third party creditor of Calder attached $482,775.72 of this freight payment, pursuant to a Admiralty Rule B action and maritime attachment before this court (08 Civ. 2028 (RMB), alleging Fenby to be Calder's alter ego.

15.    As a result of the above, Calder has failed to pay $482,775.72 in freight to Plaintiff, despite the continuing demand that it do so.

16.    By reason of the aforesaid, Plaintiff has suffered damages in the amount of $482,775.72, so near as the same can be presently estimated, no part of which has been paid although duly demanded, and is entitled to interest, cost and attorneys' fees, as set forth below.

17.    The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England. English law is applicable under the Charter Party.

18.    Plaintiff has commenced arbitration against Calder as authorized by the terms of the Charter Party.

19.    Interest, cost and attorney's fees are

4

routinely awarded to the prevailing party by arbitrators in London pursuant to English law.  As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claim: | $482,755.72 |
| B. | Interest at 6% for 2 years: | $ 57,533.09 |
| C. | Arbitration fees and attorneys' fees: | $100,000.00 |
| | TOTAL: | $640,708.81 |

### AS AND FOR PLAINTIFF'S CLAIM
### AGAINST DEFENDANT FENBY

20.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-19 of this Complaint as if set forth at length herein.

21.   Upon information and belief, Fenby is the alter ego of Calder because Calder dominates and disregards Fenby's corporate form to the extent that Calder is actually carrying on the business of Fenby as if it were its own.

22. Upon information and belief, Fenby acts as paying agent, or arranges to satisfy for other non-parties the debts and obligations of Calder, and/or receives payments being made to Calder.

23. Specifically, Fenby remitted the total freight payment due and owing under the Charter Party of some $1,400,000 on behalf of Calder to the Plaintiff.

5

24.   Although Fenby is not named in the Charter Party and has no formal relationship under the Charter Party, it paid the freight payment due and owing by on behalf of Calder.

25.   It is not common practice in the maritime industry for an independent company to pay another company's debts, where it has no formal relationship under the subject charter parties.

26.   Upon information and belief, Fenby is a shell corporation through which Calder conducts its business.

27.   Upon information and belief, Fenby has no separate, independent identity from Calder.

28.   Upon information and belief, Calder uses Fenby as a "pass through" entity such that it can insulate itself from its creditors.

29.   In the alternative, Calder and Fenby are partners or joint venturers.

30.   By reason of the foregoing conduct of Calder and Fenby, Plaintiff has sustained damages as described above.

### AS AND FOR PLAINTIFF'S CLAIM AGAINST DEFENDANTS UNITED, BRISTOL AND BML

31.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30 of this Complaint as if set forth at length herein.

32.    United was appointed agent in the load port by Calder.  As part of its duties, United was to prepare and issue bills of lading under the Charter Party.

33.    The Charter Party provided that if bills of lading were marked "freight prepaid" that they would not be released from the agent's custody until Plaintiff confirmed receipt of the freight in Plaintiff's bank account.

34.    Calder requested United to prepare bills of lading marked freight prepaid.

35.    On or about June 18, 2008, Plaintiff instructed United not to release the bills of lading until given express authority to do by Plaintiff, based on the terms of the Charter Party, namely, that such bills of lading would not be released until Plaintiff advised that the freight was in its bank account.

36.    On June 18, 2008, United confirmed Plaintiff's instructions and that it would act accordingly.

37.    On or about June 20, 2008, defendants Bristol and BML, without any authority from Plaintiff, instructed United to release the freight prepaid bills of lading and United did so.

38.    In so releasing the bills of lading without the consent of Plaintiff, United violated the terms of the Charter Party, its express agreement with Plaintiff and its obligations as a bailee of the bills of lading.

7

39.  Bristol and BML in wrongfully directing the release of these bills of lading tortiously interfered with Plaintiff's contract rights under the Charter party and bills of lading.

40.  As a result of defendants' concerted action in releasing freight prepaid bills of lading, Plaintiff was unable to exercise a lien on the cargo for payment of the freight that remained outstanding in the amount of $482,755.72.

41.  By reason of the foregoing, Plaintiff has sustained damages in the amount $482,755.72.

<u>DEFENDANTS NOT FOUND WITHIN THE DISTRICT</u>

42.  The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State

8

Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

43.    Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN

9

Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $640,708.81 and $482,775.72 respectively, to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          July 2, 2008

                    CARDILLO & CORBETT
                    Attorneys for Plaintiff
                    BAJA FERRIES USA LLC

        By: _____
                    James P. Rau (JR 7209)

                          10

```
Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
```

11

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

     1.    My name is James P. Rau.

     2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

     3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

     4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

     5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

     6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

     7.    I am authorized to make this Verification on

12

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 2nd day
of July, 2008

_____
NOTARY PUBLIC

**TULIO R. PRIETO**
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010

13