FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
United Shipping Agency Srl
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Gina M. Venezia (GV 1551)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAJA FERRIES USA L.L.C., | 08-cv-06031 (DC) |
| Plaintiff, | SUPPLEMENTAL DECLARATION OF MIHAI FELESCU |
| - against - | |
| CALDER SEACARRIERS CORP., FENBY CO. LTD., UNITED SHIPPING AGENCY SRL, BRISTOL MARINE CO. LTD. and BML CHARTERING, | |
| Defendants. | |

I, MIHAI FELESCU, pursuant to 28 U.S.C. §1746 hereby declare and say the following under penalty of perjury:

1. I am the Agency and Operations Manager of Defendant United Shipping Agency Srl ("USA"). I have held this position since 1996. I am familiar with the dispute between Baja Ferries USA L.L.C. ("Baja") and USA that is the subject of this action.

2. I submit this Declaration as a supplement to my Declaration of 31 July 2008 that was submitted in support of Defendant USA's application to vacate the attachment. I submit this

Declaration based upon my personal knowledge and experience with the events underlying the current dispute.

3. The purpose of this Declaration is to explain the circumstances surrounding an exchange of emails between me and Unishipping, as agents for Baja, on or about 18 June 2008 concerning the release of the bills of lading, and also to respond to certain allegations made by Baja in its Verified Complaint, a copy of which I just received from the attorneys representing Baja in these proceedings.

4. As I explained in my original Declaration, USA was appointed to act as a port agent by Bristol Marine Co. Ltd. ("Bristol") in connection with a charter party dated 6 June 2008, entered into between Bristol, as disponent owners, and Interagro S.A., as charterers. USA's agency fee was paid by its principal, Bristol. (See Exhibits A-C of my original Declaration).

5. As part of its duties to Bristol, USA was to prepare, issue and release bills of lading in accordance with the charter party between Bristol and Interago. Consequently, and in accordance with the terms of the charter party between Bristol and Interago and the agency appointment by Bristol, USA was required to release the bills of lading upon Bristol's receipt of a swift copy from Interagro's bank confirming that freight had been irrevocably remitted to Bristol's account. (See **Exhibit A**, Fixture at p. 4 and Proforma at Clause 30; **Exhibit B** at p. 3).

6. USA was not a party to, had never even seen a copy of and had no knowledge of the terms of the alleged charter party between Plaintiff Baja and its charterer, and thus, USA could not have agreed and never did agree to prepare, issue or release bills of lading in accordance with that charter party as alleged in the Verified Complaint.

7. On 18 June 2008, USA received purported instructions from Unishipping, as agents for Baja, not to release the bills of lading without its prior consent. Annexed to my original Declaration as **Exhibit E** is a copy of Unishipping's instructions and the exchange of emails with them regarding the bills of lading.

8. As indicated in the email exchange, I advised Unishipping that with respect to their request about the bills of lading, we would have to check with our principals. (See **Exhibit E**, email of 18 June 2008 10:34 a.m.). I subsequently confirmed that we had been appointed as agents and that their request should be addressed through the contractual chain. (**Exhibit E**, email of 18 June 2008 11:18 a.m.).

9. On the same day and in connection with this continued exchange, I confirmed that we would act "accordingly." (**Exhibit E**, email of 18 June 2008 1:08 p.m.). I understand that counsel for Baja has pointed to this particular email as evidence that we had an agreement with Baja or assumed duties for Baja. This is not true.

10. The reference in my email of 18 June 2008 to "we confirm acting accordingly" did not indicate any agreement to act as agent for Unishipping/Baja or to act in accordance with their instructions. My statement was simply used to indicate that we would act in line with the contract/authorizations already received from our principals, from which we had a clear, exclusive and binding contract/agency appointment. Our intent – to honor our contractual relationship with our principals – is further indicated in the trail of email exchanges on 18 June 2008 with Unishipping in which we explained that we were appointed as agents and consequently their instructions regarding the bills of lading should be addressed through their contractual party. (*See* Exhibit E). We were never appointed to act as agents by Unishipping/Baja, never received any form of payment from them, and never agreed to act in

accordance with their instructions or in accordance with their charter party which we had never even seen.

11.    Furthermore, Unishipping (the agents of Baja) knew that we acted at all times as agents only for our principals, and consequently, even if an agreement could have been inferred from the email exchanges of 18 June 2008, such an agreement would not exist with us directly as we acted as agents only for our principals. As indicated in my original Declaration, we acted at all times in accordance with the instructions of our principals Bristol Marine.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Constantza, Romania
       _07th_ August 2008

By: _____
       Mihai Eelescu