UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

BAJA FERRIES USA LLC,                        :
                                             :
                        Plaintiff,           :              ECF
                                             :
            -against-                        :
                                             :        08 Civ. 06031 (DC)
CALDER SEACARRIER CORP.                      :
a/k/a CALDER SEA CARRIER CORP.,              :        DECLARATION OF
FENBY CO. a/k/a FENBY CO. LTD.,              :        JAMES P. RAU
UNITED SHIPPING AGENCY SRL,                  :
BRISTOL MARINE CO. LTD. and BML              :
CHARTERING                                   :
                                             :
                        Defendants.          :

-----------------------------------------------------------x

        JAMES P. RAU, affirms under penalties of perjury under the laws of the United

States, 28 U.S.C. §1746:

        1.  I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Declaration in opposition to Defendant

United Shipping Agency Srl's ("United") motion seeking to vacate Plaintiff's maritime

attachment.

        2.  Attached hereto as Exhibit 1 is a copy of the Plaintiff's Verified Complaint filed in

support of its application for issuance of a maritime attachment pursuant to Supplemental

Admiralty Rule B.

        3.  Attached hereto as Exhibit 2 is a copy of the Court's Ex-Parte Order authorizing

restraint of Defendant's funds pursuant to Supplemental Admiralty Rule B.

        4.  Attached hereto as Exhibit 3 is a copy of the Answer to Process of Maritime

Attachment of Wachvovia  Bank N.A. advising that  $50,000 being sent to United by

electronic funds transfer has been restrained by the bank pursuant to the writ of attachment.

     5.  Attached hereto as Exhibit 4 is a copy of the email exchange between counsel prior to the August 4, 2008 hearing.

The foregoing is true and correct to the best of my knowledge under the penalties of perjury under the laws of the United States.

Executed at New York, New York, this 19th day of August, 2008.

_____

JAMES P. RAU

# EXHIBIT

# 1



JUDGE CHIN

Cardillo & Corbett
Attorneys for Plaintiff
BAJA FERRIES USA LLC
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
James P. Rau (JR-7209)

'08 CIV 6031

RECEIVED
JUL 02 2008
U.D.C.S.-N.Y.
CAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BAJA FERRIES USA LLC,                :

                        Plaintiff,   :          **ECF**

                                     :     **VERIFIED COMPLAINT**

        -against-                    :

                                     :
CALDER SEACARRIER CORP.              :
a/k/a CALDER SEA CARRIER CORP.,      :
FENBY CO. a/k/a FENBY CO. LTD.,      :
UNITED SHIPPING AGENCY SRL,          :
BRISTOL MARINE CO. LTD. and BML      :
CHARTERING                           :
                                     :
                        Defendants.  :
------------------------------------x

        Plaintiff, BAJA FERRIES USA LLC, ("Plaintiff"), by

and through its attorneys, Cardillo & Corbett, as and for its

Verified Complaint against the Defendants, CALDER SEACARRIER

CORP. a/k/a CALDER SEA CARRIER CORP. ("Calder"), FENBY CO.

a/k/a FENBY CO. LTD. ("Fenby"), UNITED SHIPPING AGENCY SRL

("United"),BRISTOL MARINE CO. LTD. ("Bristol") and BML

Chartering ("BML") alleges, upon information and belief as

follows:

                        JURISDICTION

        1.    This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2.    At all material times to this action Plaintiff was, and still is, a business entity duly organized and existing under the laws of the state of Florida with an address at 2601 S. Bayshore Drive, Suite 1110, Coconut Grove, Florida, 33133.

3.    At all times material to this action, Calder was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 18 Vas Paulou STR, Athens, Greece.  Upon information and belief, Calder is known as CALDER SEACARRIER CORP. and CALDER SEA CARRIER CORP.

4.    At all times material to this action, Fenby was, and still is, a foreign business entity organized and existing under the laws of a foreign country with upon information and belief has an address at 18 Vas Paulou STR, Athens, Greece.  Upon information and belief, Fenby, is known as FENBY CO. and FENBY CO. LTD.

5.    At all times material to this action, United was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Constantza Port, Berth No. 31, Constantza 900900, Romania.

2

6.   At all times material to this action, Bristol was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

7.   At all times material to this action, BML was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 11 Argonafton Street and Koral, Illoupis 163 46, Athens, Greece.

<u>CALDER'S BREACH OF CONTRACT</u>

8.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-7 of this Complaint as if set forth at length herein.

9.   Pursuant to a voyage charter party dated June 6, 2008, Plaintiff, as disponent owner, chartered the M/V RENATA (the "Vessel") to Calder, as Charterer, to carry a cargo of about 10,500 metric tons of cargo from Constantza, Romania to Mombasa, Kenya (the "Charter Party").

10.  Under the terms of the Charter Party freight was a lumpsum in the amount of $1,500,000.00, ninety-seven percent of which, less commissions, or $1,398,750, was to be prepaid within three days of completion loading.

11.  The Vessel properly loaded its cargo in Romania.

3

13.   Three banking days later, Calder failed to pay the full freight due to Plaintiff under the Charter Party.

14.   Rather, on or about June 20, 2008, a payment was remitted by defendant Fenby on behalf of Calder to Plaintiff in the amount of $1,398,750. However, a third party creditor of Calder attached $482,775.72 of this freight payment, pursuant to a Admiralty Rule B action and maritime attachment before this court (08 Civ. 2028 (RMB), alleging Fenby to be Calder's alter ego.

15.   As a result of the above, Calder has failed to pay $482,775.72 in freight to Plaintiff, despite the continuing demand that it do so.

16.   By reason of the aforesaid, Plaintiff has suffered damages in the amount of $482,775.72, so near as the same can be presently estimated, no part of which has been paid although duly demanded, and is entitled to interest, cost and attorneys' fees, as set forth below.

17.   The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England. English law is applicable under the Charter Party.

18.   Plaintiff has commenced arbitration against Calder as authorized by the terms of the Charter Party.

19.   Interest, cost and attorney's fees are

4

routinely awarded to the prevailing party by arbitrators in London pursuant to English law.  As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claim: | $482,755.72 |
| B. | Interest at 6% for 2 years: | $ 57,533.09 |
| C. | Arbitration fees and attorneys' fees: | $100,000.00 |
| | TOTAL: | $640,708.81 |

### AS AND FOR PLAINTIFF'S CLAIM
### AGAINST DEFENDANT FENBY

20.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-19 of this Complaint as if set forth at length herein.

21.  Upon information and belief, Fenby is the alter ego of Calder because Calder dominates and disregards Fenby's corporate form to the extent that Calder is actually carrying on the business of Fenby as if it were its own.

22. Upon information and belief, Fenby acts as paying agent, or arranges to satisfy for other non-parties the debts and obligations of Calder, and/or receives payments being made to Calder.

23. Specifically, Fenby remitted the total freight payment due and owing under the Charter Party of some $1,400,000 on behalf of Calder to the Plaintiff.

5

24.  Although Fenby is not named in the Charter Party and has no formal relationship under the Charter Party, it paid the freight payment due and owing by on behalf of Calder.

25.  It is not common practice in the maritime industry for an independent company to pay another company's debts, where it has no formal relationship under the subject charter parties.

26.  Upon information and belief, Fenby is a shell corporation through which Calder conducts its business.

27.  Upon information and belief, Fenby has no separate, independent identity from Calder.

28.  Upon information and belief, Calder uses Fenby as a "pass through" entity such that it can insulate itself from its creditors.

29.  In the alternative, Calder and Fenby are partners or joint venturers.

30.  By reason of the foregoing conduct of Calder and Fenby, Plaintiff has sustained damages as described above.

### AS AND FOR PLAINTIFF'S CLAIM AGAINST DEFENDANTS UNITED, BRISTOL AND BML

31.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30 of this Complaint as if set forth at length herein.

6

32.   United was appointed agent in the load port by Calder.  As part of its duties, United was to prepare and issue bills of lading under the Charter Party.

33.   The Charter Party provided that if bills of lading were marked "freight prepaid" that they would not be released from the agent's custody until Plaintiff confirmed receipt of the freight in Plaintiff's bank account.

34.   Calder requested United to prepare bills of lading marked freight prepaid.

35.   On or about June 18, 2008, Plaintiff instructed United not to release the bills of lading until given express authority to do by Plaintiff, based on the terms of the Charter Party, namely, that such bills of lading would not be released until Plaintiff advised that the freight was in its bank account.

36.   On June 18, 2008, United confirmed Plaintiff's instructions and that it would act accordingly.

37.   On or about June 20, 2008, defendants Bristol and BML, without any authority from Plaintiff, instructed United to release the freight prepaid bills of lading and United did so.

38.   In so releasing the bills of lading without the consent of Plaintiff, United violated the terms of the Charter Party, its express agreement with Plaintiff and its obligations as a bailee of the bills of lading.

7

39.   Bristol and BML in wrongfully directing the release of these bills of lading tortiously interfered with Plaintiff's contract rights under the Charter party and bills of lading.

40.   As a result of defendants' concerted action in releasing freight prepaid bills of lading, Plaintiff was unable to exercise a lien on the cargo for payment of the freight that remained outstanding in the amount of $482,755.72.

41.   By reason of the foregoing, Plaintiff has sustained damages in the amount $482,755.72.

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

42.   The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State

8

Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

43.    Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN

9

Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $640,708.81 and $482,775.72 respectively, to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          July 2, 2008

CARDILLO & CORBETT
Attorneys for Plaintiff
BAJA FERRIES USA LLC

By:

James P. Rau (JR 7209)

10

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

11

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

     1.    My name is James P. Rau.

     2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

     3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

     4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

     5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

     6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

     7.    I am authorized to make this Verification on

12

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 2nd day
of July, 2008

_____
NOTARY PUBLIC

**TULIO R. PRIETO**
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010

13

# EXHIBIT

# 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
BAJA FERRIES USA LLC,

                          Plaintiff,

         -against-

CALDER SEACARRIER CORP.
a/k/a CALDER SEA CARRIER CORP.,
FENBY CO. a/k/a FENBY CO. LTD.,
UNITED SHIPPING AGENCY SRL,
BRISTOL MARINE CO. LTD. and BML
CHARTERING
                          Defendants.
------------------------------------x

:  ECF
:  **ORDER FOR PROCESS**
:  **OF MARITIME ATTACHMENT**
:  08 Civ. 6031 (DC)
:
:
:
:
:
:
:
:

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 7-3-08

**WHEREAS**, on July 2, 2008, Plaintiff, BAJA FERRIES USA

LLC, filed a Verified Complaint herein for damages amounting to

$640,708.81 against CALDER SEACARRIER CORP. a/k/a CALDER SEA

CARRIER CORP. and FENBY CO. a/k/a FENBY CO. LTD. and against

UNITED SHIPPING AGENCY SRL and BRISTOL MARINE CO. LTD. and BML

CHARTERING amounting to $482,775.72 and praying for the

issuance of Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules and Civil

Procedure; and

        **WHEREAS**, the Process of Maritime Attachment and

Garnishment would command that the United States Marshal or

other designated process server attach any and all of the

Defendants' property within the District of this Court; and

        **WHEREAS**, the Court has reviewed the Verified

Complaint and the Supporting Affidavit, and the conditions of

Supplemental Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, in an amount up to and including $640,708.81 with respect to defendants CALDER SEACARRIER CORP. a/k/a CALDER SEA CARRIER CORP. and FENBY CO. a/k/a FENBY CO. LTD. and $482,775.72 with respect to defendants UNITED SHIPPING AGENCY SRL and BRISTOL MARINE CO. LTD. and BML CHARTERING, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other

2

relief granted; and it is further

      **ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

      **ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

      **ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day; and it is further

      **ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent to accept service by any other means; and it is further

      **ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
      July _2_, 2008

                             SO ORDERED:

CERTIFIED AS A TRUE COPY ON U.S.D.J.

THIS DATE _7-3-08_          3

BY _____
      ( ) Clerk
      (X) Deputy

# EXHIBIT

# 3

ROSNER NOCERA & RAGONE, LLP
110 Wall Street - 23rd Floor
New York, New York 10005
(212) 635-2244
Attorneys for Wachovia Bank, N.A.
--------------------------------------------------------------------X

BAJA FERRIES USA LLC,

       Plaintiff,

  -against-


CALDER SEACARRIER CORP.
a/k/a CALDER SEA CARRIER CORP.
FENBY CO. a/k/a FENBY CO. LTD.
UNITED SHIPPING AGENCY SRL,
BRISTOL MARINE CO. LTD. and
BML CHARTERING,

       Defendant.
--------------------------------------------------------------------X

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF
NEW YORK




Civil Case No.
08-cv-06031 (DC)

## ANSWER TO PROCESS OF MARITIME ATTACHMENT
## BY WACHOVIA BANK NATIONAL ASSOCIATION

   Wachovia Bank, National Association ("Wachovia"), as garnishee under a Process of

Maritime Attachment dated July 2, 2008, as and for its Answer under FRCP Suppl. Admiralty

and Maritime Claims Rule B, sets forth as follows:

    In response to the above referenced Order of Attachment, Wachovia has restrained and is

holding the sum of $ 50,000.00 out of an Electronic Funds Transfer in progress in the total

amount of $50,000.00.  The details of such transaction are as follows:

   $ 50,000.00

   Date – 7/24/2008

   Originator – STX POS SHIP MANAGEMENT CO. JUNGANG-DONG, JUNG-
   KU, BUASN, KOREA HEUNGWOO BUILDING(4F), 89-2, 4-KA,

   Originating Bank – HANA BANK OF KOREA HEAD OFFICE SEOUL,
   KOREA

   Beneficiary Bank – ING BANK N.V. WORLD TRADE CENTER FLOOR 3

BUCHAREST ROMANIA

Beneficiary – UNITED SHIPPING AGENCY SRL

Dated: New York, New York
      July 25, 2008

                                    Yours, etc.,

                                    ROSNER NOCERA & RAGONE, LLP

                                    By:    \S\John P. Foudy
                                            Peter A. Ragone (PR - 6714)
                                          John P. Foudy (JF-7322)
                                    Attorneys for Wachovia Bank,
                                    National Association
                                    110 Wall Street, 23rd Floor
                                    New York, New York 10005
                                    (212) 635-2244

To:    Cardillo & Corbett
        29 Broadway, Suite 1710
        NEW YORK, NY 10006
        212-344-0464
        212-797-1212 (fax)

# EXHIBIT

# 4

**James P. Rau**

| | |
|---|---|
| **From:** | Susan Lee [LEE@FREEHILL.COM] |
| **Sent:** | Friday, August 01, 2008 8:16 PM |
| **To:** | jrau@cardillocorbett.com |
| **Cc:** | VENEZIA, GINA |
| **Subject:** | RE: Baja Ferries USA v. Calder Seacarrier Corp., Fenby Co., United Shipping Agency Srl, Bristol Marine Co. Ltd. and BML Chartering, 08-cv-6031 |

Dear James,

Thanks for your email below.

What do you base your belief that the Court has admiralty jurisdiction upon? To our knowledge, there is no contract between our clients and the torts that appear to be alleged in the Complaint that concern United have no maritime nexus. If you have any documents that would indicate otherwise, please advise.

See you in Court on Monday.

Regards,

**SUSAN LEE**
**FREEHILL HOGAN & MAHAR LLP**
80 Pine Street, New York, N.Y. 10005-1759
Tel: 212-425-1900
Fax: 212-425-1901
E-mail: lee@freehill.com

---

**From:** James P. Rau [mailto:jrau@cardillocorbett.com]
**Sent:** Friday, August 01, 2008 8:12 PM
**To:** Susan Lee
**Subject:** RE: Baja Ferries USA v. Calder Seacarrier Corp., Fenby Co., United Shipping Agency Srl, Bristol Marine Co. Ltd. and BML Chartering, 08-cv-6031

Dear Susan,

We believe the court has admiralty jurisdiction to entertain our client's claim and reject your threats as unfounded.

We note that yesterday when you called your sole basis for asking for the funds to be released was that United allegedly had no property interest in the funds. We referred you to two cases in this District , one of which was by Judge Chin, which held that an agent, such as your client, did have an attachable property interest in such funds. While you advised that you would revert after reviewing the cases, we heard nothing further until this evening when you called to tell us that you were now moving to vacate with the sole issue being jurisdictional.

In any event, we will see you in court on Monday.

```
James P. Rau
Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
(212) 344-0464 - Phone
(212) 797-1212 - Fax
```

The information contained in this e-mail message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by e-mail at <mailto:jrau@cardillocorbett.com> or telephone (212) 344-0464. Thank you.

---

**From:** Susan Lee [mailto:LEE@FREEHILL.COM]
**Sent:** Friday, August 01, 2008 6:06 PM
**To:** jrau@cardillocorbett.com
**Cc:** VENEZIA, GINA
**Subject:** Baja Ferries USA v. Calder Seacarrier Corp., Fenby Co., United Shipping Agency Srl, Bristol Marine Co. Ltd. and BML Chartering, 08-cv-6031

Dear James,

Further to our recent telecon, I have left a message with Judge Chin's chambers requesting an emergency hearing first thing Monday morning. As soon as we receive a response, we will pass that on to you. As discussed, the sole issue that will be raised is as to whether there is a prima facie maritime claim against United Shipping Agency. It is our position that there is no contract between our respective clients, and that your case against our client sounds in tort which bears no nexus to any maritime activity. Accordingly, regardless of whether your client has a claim against United, it is not maritime in nature and therefore the attachment is wrongful and should be vacated.

As mentioned during our telecon, the funds are needed to pay crew departing from a vessel in Romania and must be made available no later than Tuesday morning Romanian time. If these funds are not released, dire consequences, including potentially the arrest of the vessel by the crew and any consequential damages flowing therefrom, could result. United intends to hold Baja and your firm jointly and severally liable for any and all direct and consequential losses that may stem from the wrongful restraint of these funds.

If you are agreeable to simply releasing the funds attached, please advise and the hearing can be avoided.

**SUSAN LEE**
**FREEHILL HOGAN & MAHAR LLP**
80 Pine Street, New York, N.Y. 10005-1759
Tel: 212-425-1900
Fax: 212-425-1901
E-mail: lee@freehill.com

---------------------------------------------

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

2

Index No.08 Civ.06031 (DC)Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAJA FERRIES USA LLC,

Plaintiff,

-against-

CALDER SEACARRIER CORP. a/k/a
CALDER SEA CARRIER CORP., FENBY
CO. a/k/a FENBY CO. LTD., UNITED
SHIPPING AGENCY SRL BRISTOL MARINE
CO. LTD. and BML CHARTERING

Defendants.

DECLARATION

Print name beneath

Signature (Rule 130-1.1-a)

*Attorneys for*  Plaintiff

CARDILLO & CORBETT

*Office and Post Office Address, Telephone*
**29 Broadway**
**NEW YORK, N.Y. 10006**
**212-344-0464**

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

CARDILLO & CORBETT

*Office and Post Office Address*
**29 Broadway**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on

at                  M.

Dated,

Yours, etc.

CARDILLO & CORBETT

*Office and Post Office Address*
**29 Broadway**
**NEW YORK, N.Y. 10006**

To

Attorney(s) for