UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAJA FERRIES USA L.L.C.,

        Plaintiff,

- against -

CALDER SEACARRIER CORP.,
FENBY CO. LTD., UNITED SHIPPING
AGENCY SRL, BRISTOL MARINE CO.
LTD. and BML CHARTERING,

        Defendants.

08-cv-06031 (DC)

**DECLARATION OF
RICHARD OMWELA**

I, RICHARD OMWELA, hereby declare and say the following under penalty of perjury:

1. I am a Kenyan national and a partner of the law firm of Hamilton, Harrison & Mathews ("HH&M") with an address at ICEA Building, Kenyatta Avenue, Nairobi, Kenya. I studied law at the University of Nairobi Kenya and was qualified in 1980. I joined HH&M in 1980 as a Legal Assistant and now head the Commercial and Conveyance Department. My practice focuses heavily in the commercial area, which includes matters related to shipping and international sales contracts. I can read and speak English fluently.

2. I assisted in the drafting of this declaration, have reviewed and signed this declaration, and submit that the contents are true and within my own personal knowledge.

3. I have been asked to provide comment and an opinion on Kenyan law as it relates to the exercise of liens against cargo. In particular, I have been asked to comment on and clarify whether under Kenyan law, a lien can be exercised against cargo owned by the National Cereal and Produce Board ("NCPB") of Kenya.

4. As explained more fully below, no lien or other action could have been taken against the cargo owned by NCPB as a matter of Kenyan law.

1

5. With respect to the factual background, I understand that Baja Ferries has filed a claim against United Shipping Agency SA ("USA") asserting that it improperly released "freight prepaid" bills of lading for a cargo that was loaded on the vessel M/V Renata at Constanza, Romania, for transport to Mombasa, Kenya. I also understand from the Declaration of Claire Bilton (a copy of which I have received and reviewed) that the cargo was the subject of a sales contract between Interagro and NCPB of Kenya and that title and risk to the cargo transferred from Interagro to NCPB of Kenya at the vessel's rail in Constanza. I understand that Baja Ferries has asserted in this lawsuit that but for the actions of USA, Baja Ferries would have been able to assert a lien on the cargo at the discharge port for payment of the ocean freight owed to Baja Ferries.

6. As a matter of Kenyan law, Baja Ferries would not have been able to assert a lien against the cargo regardless of whether the bills of lading were listed as "freight prepaid" or "freight collect".

7. NCPB is established as a state corporation under the National Cereals and Produce Board Act, Chapter 338 Laws of Kenya.

8. NCPB is a state corporation within the meaning of State Corporations Act, Chapter 446 Laws of Kenya.

9. Under the Government Proceedings Act, Chapter 40 of the Laws of Kenya, it is provided that no action in *rem* shall be taken in respect of any claim against the government, and no arrest, detention or sale of any government ship, aircraft, or any cargo or other property belonging to the government shall be made. In addition, no lien may be exercised against any such ship, aircraft, cargo or other property of the government.

10. Under the law of Kenya, therefore, it would not have been possible for Baja Ferries to exercise a lien over the cargo at the discharge port, regardless of whether the bill of lading indicated that freight was prepaid or was payable.

11. In addition to the fact that cargo owned by NCPB would have been immune from the exercise of any lien, Baja Ferries would not have been able to exercise a lien on the cargo if NCPB had already paid for the cargo under its sales contract.

12. It is my understanding that the freight in relation to the said cargo had been prepaid hence the NCPB had discharged its obligations under the transaction. Accordingly, it would not have been possible under Kenyan law for Baja Ferries, acting directly or through their agents, to exercise a lien over the said cargo. As explained above, as a matter of law, no lien could be exercised against cargo owned by NCPB under any circumstances, but I raise this last point as an additional aspect of Kenyan law.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED at    Nairobi, Kenya.
            August 22nd 2008

RICHARD OMWELA